IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN FREITAS,

    Plaintiff,

  v.

BANK OF AMERICA N.A. and DOES 1–60,

    Defendants.

No. C 19-03347 WHA

**ORDER RE MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE**

## INTRODUCTION

In this foreclosure case, defendants move to dismiss. For the following reasons, the motion is **GRANTED**.

## STATEMENT

In 2004, *pro se* plaintiff, John Freitas obtained a loan for $333,700 from Countrywide Bank N.A. secured by a deed of trust and assignment of rents on real property located in Newark. On October 5, 2005, he obtained another loan for $349,840 from Countrywide secured by a deed of trust and assignment of rents on the same property. A second version of the same document was recorded on October 25, 2005. The only difference between the two documents was that the first document contained a signature line for plaintiff's wife, which he initialed, whereas the later deed did not. In 2011, plaintiff defaulted on his loans and defendant Bank of

America, N.A. recorded a notice of default in April 2014. Bank of America is a successor in interest of Countrywide. In 2016, the October 5 deed of trust was reconveyed to plaintiff.

Meanwhile, in February 2016, plaintiff filed an action in Alameda County Superior Court alleging fraud and cancellation and rescission of written instruments stating that his October 25 deed of trust had been reconveyed, but that Bank of America had still threatened to foreclose on the property. A 2016 order sustained the demurrer to the complaint and the state court entered judgment in Bank of America's favor. Plaintiff unsuccessfully appealed to the California Court of Appeal and then the California Supreme Court. Judgment became final in August 2017 when the California Court of Appeal issued a remittitur. *Freitas v. Bank of America, N.A., et al.,* Case No. RG15792569 (*Freitas I*).

In January 2018, plaintiff filed another action in Alameda County Superior Court alleging the following claims as to his October 25 deed of trust and corresponding loan: (1) "preliminary and permanent injunction," (2) quiet title, (3) slander of title, (4) conspiracy to slander title, (5) violation of Section 2923.5 of the California Civil Code, and (6) violation of Section 17200 of the California Business and Professions Code. *Freitas v. Bank of America, N.A., et al.,* Case No. RG17877297 (*Freitas II*). A May 2018 order sustained Bank of America's demurrer without leave to amend. In August 2018, the state court dismissed the action with prejudice and entered judgment against plaintiff.

Plaintiff then commenced an action in July 2018 in the United States District Court for the Northern District of California naming twelve defendants, including Bank of America, N.A. alleging the following claims as to his 2004 deed of trust and corresponding loan: (1) unfair and deceptive consumer practices with respect to loan servicing, foreclosure processing, and loan origination; (2) violation of the Financial Institutions Reform, Recovery and Enforcement Act of 1989; (3) declaratory judgment; (4) bankruptcy misconduct; (5) quiet title; (6) slander of title; (7) conspiracy to slander title; (8) violation of Section 2923.5 of the California Civil Code; and (9) violation of Section 17200 of the California Business and Professions Code. Also in July 2018, plaintiff filed an application for a temporary restraining order to halt the foreclosure of his residence. A July 2018 order denied the temporary restraining order on the ground

plaintiff did not raise serious questions going to the merits. A September 2018 order ultimately dismissed the case for failure to prosecute (Case No. 18-cv-03993, Dkt. Nos. 1, 2, 21, 30)(*Freitas III*).

Following the foreclosure sale of the underlying property, plaintiff commenced the instant action in June 2019 against Bank of America alleging, as to his October 25 deed of trust and corresponding loan, the same claims as *Freitas III* as well as other miscellaneous non-legal claims such as "the deed of trust on which defendant B of A has foreclosed is void" and "the debt, if there ever were a debt, has been satisfied." He then filed a motion for a temporary restraining order on the same day. The undersigned related the instant action to this Court the next day. A June 17 ordered denied plaintiff's motion for a temporary restraining order on the grounds that he raised essentially the same arguments as he did in *Freitas III* and that he was unlikely to suffer irreparable harm as the foreclosure had already occurred (Dkt. Nos. 1, 2, 10, 14). Bank of America now moves to dismiss the entire complaint. Plaintiff opposes. This order follows full briefing and oral argument.

**ANALYSIS**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when its factual allegations, rather than mere conclusory statements, create the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, we must accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008). Conclusory allegations or "formulaic recitation of the elements" of a claim, however, are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 681.

**1.    RES JUDICATA.**

Res judicata prohibits successive litigation of claims that have already been litigated as well as those that could have been litigated based on the same operative facts. 21A Fed. Proc., L. Ed. § 51:227. The doctrine of res judicata is applicable when there is (1) privity between

parties, (2)an identity of claims, and (3) a final judgment on the merits. *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir.2001). As a general matter, under the Full Faith and Credit Act, federal courts must give state judicial proceedings "the same full faith and credit . . . as they have by law or usage in the courts of [the] State . . . from which they are taken." 28 U.S.C. § 1738. Here, res judicata precludes plaintiff's claims in the instant suit.

*First,* here, there is no question as to the privity of the parties as Bank of America has been a party to all of the aforementioned actions.

*Second,* plaintiff makes essentially the same underlying allegations as he did in all of his preceding lawsuits. Plaintiff contends this action addresses different actions and claims. He has not, however, added new or different facts than those that he made in any of the previous proceedings. Specifically plaintiff's underlying argument throughout has been that his October 25 deed of trust was forged and that the reconveyance of the October 5 deed of trust relieved him of any duty to make payments and accordingly made the foreclosure proceedings unlawful. Although plaintiff makes additional claims under federal law here, he is merely rephrasing the same general grievances.

*Third,* final judgments on the merits have occurred. In California, a state court's order sustaining a general demurrer constitutes a final judgment on the merits. *See McKinney v. Cnty. of Santa Clara*, 110 Cal.App.3d 787, 794 (1980) (holding "[a] judgment on a general demurrer will have a preclusive effect on a new action in which the complaint states the same facts which were held not to constitute a cause of action on the former demurrer"). In both *Freitas I* and *Freitas II,* the state court sustained Bank of America's demurrer without leave to amend. Plaintiff argues that various mistakes were made in these state court proceedings, but that does not change the fact that final judgments on the merits have occurred. Any mistakes by the state court judge were subject to correction by way of appeal via the state appellate court.

**2. REQUEST FOR JUDICIAL NOTICE.**

Federal Rule of Evidence 201(b) permits courts to take judicial notice of any fact "that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." While a court may take judicial

4

notice of matters of public record at the motion to dismiss stage, it cannot take judicial notice of disputed facts in the public record. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Bank of America requests judicial notice of the following documents: (1) the first amended complaint in *Freitas I,* (2) An April 2016 order sustaining the demurrer in *Freitas I*, (3) the entry of judgment in *Freitas I*, (4) the notice of appeal in *Freitas I,* (5) the California Court of Appeal's May 2017 opinion in *Freitas v. Bank of America, N.A.*, No A148140, (6) the California Supreme Court's August 2017 order denying plaintiff's petition for review, (7) the California Court of Appeal's remittitur issued August 2017, (8) the first amended complaint in *Freitas II,* (9) the June 2018 notice of entry of order in *Freitas II,* and (10) the notice of entry fo judgment in *Freitas II*. Plaintiff disputes the truthfulness of these documents, but they are nonetheless appropriate subjects of judicial notice. Defendant's request is accordingly **GRANTED**.

Plaintiff requests judicial notice of the following documents: (1) the California Court of Appeal's May 2017 opinion in *Freitas v. Bank of America, N.A.*, No A148140; (2) the deed of trust and assignment of rents recorded October 12, 2005, (3) the substitution of trustee and reconveyance recorded July 1, 2016, (4) the deed of trust and assignment of rents recorded October 25, 2005, (5) the substitution of trustee and reconveyance recorded November 10, 2005, (6) the notice of trustee's sale recorded March 7, 2019, (7) the substitution of trustee recorded April 22, 2014, (8) the trustee's deed upon sale recorded June 11, 2019, (9) the deed of reconveyance recorded April 8, 2004, (10) Schedule D of creditors holding secured claims, (11) the bankruptcy court discharge of debtor and final decree dated October 14, 2015. The first item is judicially noticed. It is unclear where Schedule D comes from and is thus a document whose accuracy may reasonably be questioned. Judicial notice of Schedule D is thus **DENIED.** The remaining items are appropriate for judicial notice and plaintiff's request is **GRANTED**.

**CONCLUSION**

The motion to dismiss is **GRANTED**. Any leave to amend would be futile. The case is **DISMISSED WITH PREJUDICE** and the Clerk shall **CLOSE** the file. Plaintiff should file any notice of appeal timely.

**IT IS SO ORDERED.**

Dated: November 11, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE